UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | | Date | May 9, 2016 |
|---|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kerry Fowler | Bryan McGarry <br> Milo Marsdem |

**Proceedings:**     MOTION TO CHANGE VENUE TO THE DISTRICT OF UTAH
(Dkt. 19, filed March 22, 2016)

## I.    INTRODUCTION

On November 6, 2015, plaintiff Robert D. Geringer ("Geringer" or "plaintiff") filed the instant action against defendant D. Ray Strong ("Trustee," "defendant," or "defendant-Trustee"), in his capacity as Liquidating Trustee of the Liquidating Trust for the Consolidated Legacy Debtors, the Liquidating Trust for Castle Arch Opportunity Partners I, LLC, and the Liquidating Trust for Castle Arch Opportunity Partners II, LLC. Dkt. 1 ("Declaratory Relief Complaint").

On March 22, 2016, defendant-Trustee filed the instant motion to change venue to the District of Utah. Dkt. 19 ("Motion"). On April 18, 2016, plaintiff filed an opposition to the instant motion. Dkt. 29 ("Opp'n"). On April 25, 2016, defendant-Trustee filed a reply. On May 6, 2016, plaintiff filed a request for leave to file a sur-reply.[1]  Dkt 35

---

[1]  Generally, pursuant to Local Rule 7-10, no party shall file a response to a reply absent prior written order of the Court. However, a district court may grant leave to file a sureply "where a valid reason for such additional briefing exists . . . ." Hill v. England, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).  Among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

("Sur-Reply"). On May 9, 2016, the Court provided the parties with a tentative order and held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

### A.     General

Castle Arch Real Estate Investment Company, LLC ("CAREIC") was organized as a California limited liability company in April 2004, and commenced its business in December 2005. Geringer Decl. at ¶ 3. Its business model is to acquire real property, obtain zoning and other entitlements for its real property, and to develop and/or resell its property for a profit. Id. Plaintiff Robert D. Geringer was the President of CAREIC and a member of its Board of Directors from its inception in 2004 until his resignation in July 2009. Geringer Compl. at ¶ 23. As President, Geringer had power and authority over the business, affairs, and property of the Company. Id.

Defendant D. Ray Strong brings the instant motion as the (i) postconfirmation estate representative of CAREIC, CAOP Managers, LLC, Castle Arch Kingman, LLC, Castle Arch Smyrna, LLC, Castle Arch Secured Development Fund, LLC, Castle Arch Star Valley, LLC and Castle Arch Opportunity Partners I, LLC (collectively, the

---

other "valid reasons," the district courts have recognized that a sur-reply may be an appropriate vehicle to submit new authorities or evidence that were unavailable at the time an opposition was filed. St John v. Toyota Motor Corp., No. 8:10ML02151 JVS FMOX, 2013 WL 5775072, at *1-*2 (C.D. Cal. Oct. 10, 2013) (striking a declaration as violative of Local Rule 7-10 where the "additional authority" attached was not new and had been available at the time the opposition was filed). Because plaintiff's sur-reply cites evidence obtained after the filing of plaintiff's opposition, plaintiff's request for leave to file a sur-reply is hereby **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL            'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|----------|-------------------------|------|-------------|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

"Debtors"), and (ii) Liquidating Trustee of the Consolidated Legacy Debtors Liquidating Trust and the Castle Arch Opportunity Partners I, LLC Liquidating Trust (together, the "Trusts"), appointed in such capacities in the bankruptcy case styled as In re Castle Arch Real Estate Investment Company, LLC, et al., Case No. 11-35082 (the "Bankruptcy Case"), filed in the United States Bankruptcy Court for the District of Utah.[2] To date, defendant-Trustee has commenced over 36 lawsuits in the Utah courts arising out of the CAREIC Bankruptcy Case. Trustee Dec. at ¶ 7.

In his motion, defendant-Trustee argues that "[t]his case is a small slice of a much larger and more comprehensive action that has been underway in federal court in Utah for more than a year." Motion at 1. Indeed, defendant-Trustee is the plaintiff in two actions pending in the District of Utah: Strong v. Cochran, et al., Civil No. 2:14-cv-788–TC-EJF (D. Utah) (the "Insider Action"), filed on October 30, 2014; and Strong v. Geringer, Civil No. 2:15-cv-00837 (D. Utah) (the "Geringer Action"), filed on November 24, 2015 (nearly three weeks after the filing of the instant action). The Geringer Action and the Insider Action (collectively, the "Utah Actions") arise out of alleged fraudulent conduct

---

[2] By way of background: On October 17, 2011, a court-appointed receiver filed a voluntary Chapter 11 bankruptcy petition for CAREIC in the United States Bankruptcy Court for the District of Utah. On May 3, 2012, the Trustee was appointed the Chapter 11 Trustee for CAREIC. Bankruptcy Case Dkt. No. 215. In that capacity, the Trustee managed, either directly or indirectly, each of the other Debtors. See id; Geringer Compl. at ¶ 13; Insider Compl. at ¶12. On February 8, 2013, the Bankruptcy Court substantively consolidated most of the Debtors. See Bankruptcy Case Dkt. Nos. 590 and 591. On June 7, 2013, the Bankruptcy Court entered an Order Confirming the Chapter 11 Trustee's First Amended Plan of Liquidation, dated February 25, 2013, which, among other things, assigned to the Trusts all claims and causes of action held by creditors of, or investors in the Debtors, against the Insiders, including Geringer. Geringer Compl. at ¶ 16; Insider Compl. at ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'   JS-6**

| Case No. | 2:15-cv-08696-CAS(GJSx) | | Date | May 9, 2016 |
|---|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | | |

and breaches of fiduciary duty committed by Robert D. Geringer, the plaintiff in this action, and five other officers and directors of CAREIC (the "Insiders").

**B.      The 2014 Insider Action (filed in Utah by Trustee on October 30, 2014)**

Defendant-Trustee asserts that in January 2013 he first sent a letter to Geringer (and each of the other CAREIC Insiders) notifying them that he planned to assert claims against them for "errors, misstatements, misleading statements, acts, omissions, negligence, and breaches of duty [that they] had committed" in their respective capacities at CAREIC.  See Trustee Decl., Ex. 4.  The letter further stated that the Trustee would file a complaint against Geringer at an appropriate time and invited "discuss[ing] the possibility of settling the Trustee's claims" before then.  Id.  By October 2013—a year before the complaint against the Insiders would ultimately be filed—the Trustee had prepared a single complaint naming both the "Insiders" *and* Geringer as defendants. Accordingly, on October 12, 2013, the Trustee emailed a copy of the draft Complaint to both the Insiders and Geringer, further inviting them to execute tolling agreements so that the parties could continue to explore settlement.  See Trustee Decl., Ex. 5.

The Trustee first began direct settlement discussions with Geringer on June 17, 2014.  See Trustee Decl. at ¶ 12.  After that time, Geringer requested—according to the Trustee—that the Trustee refrain from naming Geringer as a defendant in the Insider Action and refrain from filing the already-prepared complaint against him while the parties explored further settlement discussions, including mediation.  Id. at ¶ 14.

Ultimately, on October 30, 2014, the Trustee filed an action in the District of Utah against only the Insiders, alleging that they breached their fiduciary duties in a number of ways.[3]  Geringer, however, was not named as a defendant in the 2014 Insider Action.[4]

---

[3]   The defendants named in the Insider Complaint were CAREIC's CEO, CFO, Sr. Vice President of Business Development, Chairman of the Board of Directors, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|----------|-------------------------|------|-------------|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

The Trustee avers, however, that although Geringer was not named as a defendant in the 2014 Insider Action, this was only because settlement discussions with him remained ongoing at the time and he requested not to be named while such discussions continued.

### C.   Continuing Settlement Discussions with Geringer through November 2015

The Trustee and Geringer ultimately agreed to mediation before the Honorable Randall J. Newsome (retired).  Id. at ¶ 17.  The various mediation sessions took place in San Francisco and focused on the Trustee's claims against Geringer.  Id. at ¶ 5.  As a result of a May 2015 mediation session, the parties signed a "Memorandum of Understanding" ("MOU").  See Trustee Decl., Ex. 9.  Geringer signed the MOU in California, and the Trustee signed it in Utah.  Id. at ¶ 18.

Under the MOU, Geringer would agree to buy certain real property located in Smyrna, Tennessee (the "Smyrna Property") at a significant premium to the current market price, and the Trustee would release all claims against Geringer.  See generally Bankruptcy Case Dkt. 1103 (Trustee's motion for Bankruptcy Court approval to sell Smyrna Property to Geringer).  According to the Trustee, the MOU contemplated that the parties would enter a definitive settlement agreement, which would be presented to the Bankruptcy Court for approval—that is, the MOU was explicitly made contingent upon

Managing Director of Business Development.

[4] Although Geringer is not named as a defendant in the 2014 Insider Action, he features prominently in the Insider Complaint.  Indeed, the first 30 pages of the Insider Complaint are devoted specifically to the alleged breaches of fiduciary duty Geringer committed as "President" and the CAREIC Executive responsible for real estate purchases and development activity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                                    'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|----------|-------------------------|------|-------------|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

"the approval of the bankruptcy court, and the Trustee's ability to terminate the current purchase contract."  MOU at ¶ 10.

The parties subsequently prepared and executed definitive sale and settlement documents, and then presented them to the Bankruptcy Court for approval.  Ultimately, however, the Bankruptcy Court did not approve the sale to Geringer.  See Bankruptcy Case Dkt. Nos. 1126 (Bankruptcy Court continuing without date Trustee's Motion to sell Smyrna Property to Geringer), 1130 (order continuing hearings on Trustee's motion to sell Smyrna Property to Geringer), and 1148 (order denying Trustee's motion to reconsider).  The Trustee states that after it became clear that the Bankruptcy Court would not approve the sale and settlement with Geringer, the parties scheduled another mediation session with Judge Newsome to take place on November 4, 2015, in order to explore other potential settlement options.

### D.    The 2015 California Declaratory Judgment Action (filed in California by Geringer on November 6, 2015)

According to the Trustee, Geringer knew the Trustee's filing of a complaint against him in Utah was imminent, and on November 6, 2015—two days after the parties' last formal mediation session—Geringer filed the instant action in the Central District of California.  The Trustee further avers that Geringer then "held it," without serving, while the end stages of the parties' settlement discussions continued.  On November 23, 2015, counsel for the Trustee extended a final settlement offer to Geringer, stating that the offer would have to be accepted that day or the Geringer Complaint would be filed in Utah and served.  Trustee Decl. ¶ 22.  In response, Geringer's counsel served the complaint in the instant action ("Declaratory Action" or "The California Declaratory Judgment Action"), which (1) asserts two claims and seeks damages related to the Trustee's alleged breach of the May 2015 MOU, and (2) seeks declaratory judgment that (i) all of "the Trustee's claims are time-barred," Dec. Compl. at ¶¶ 41-59; (ii) all of "the Trustee's claims are released," id. at ¶¶ 60-66; as well as (iii) a judgment that "the Trustee is estopped [because of the MOU] from asserting claims" against Geringer, id. at ¶¶ 67-73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

**E.    The 2015 Utah Geringer Action (filed in Utah by Trustee on November 23, 2015)**

On November 23, 2015, one day after being served with Geringer's California Declaratory Judgment Action, the Trustee filed an action in the District of Utah against Geringer (the "Geringer Action"). The Geringer Action covers the same period of time as the 2014 Insider Action and makes the very same factual allegations against Geringer as those that are made against the Insiders in the Insider Complaint.[5] Accordingly, shortly after filing the 2015 Geringer Complaint, the Trustee moved to have it reassigned to Judge Tena Campbell, who was overseeing the 2014 Insider Action. Insider Case Dkt. 58. On March 3, 2016, Judge Campbell granted the reassignment motion. See Insider Case Dkt. 67; Geringer Case Dkt. 22.

Judge Campbell is now overseeing both the 2014 Insider Case and the 2015 Geringer Case. In the 2014 Insider Case, Judge Campbell granted a motion to compel arbitration of all the Trustee's claims asserted in that action. See Insider Case Dkt 55. In the 2015 Geringer case, the Trustee has filed a motion seeking to have that case submitted to arbitration, along with the 2014 Insider Case. Geringer Case Dkt. 58. The parties appear not to have agreed on a panel of arbitrators in the Insider Case. Accordingly, the Trustee argues that the "time to transfer this case to the Utah federal district court is now." Motion at 12.

---

[5] See Geringer Compl. ¶¶ 30-127 (breaches related to CAREIC real estate projects); ¶¶ 129-132 (breaches related to lack of board oversight); ¶¶ 174-219 (fraud in the sale of CAREIC securities). The Geringer Complaint also alleges the same causes of action as the Insider Complaint. See id. Claim 1 (breach of fiduciary duty), Claims 2 through 4 (securities fraud), Claims 5 and 6 (common law fraud), Claim 7 (civil conspiracy), Claim 8 (state RICO), Claims 9 through 16 (fraudulent and preferential transfers).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|----------|-------------------------|------|-------------|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

## III.   LEGAL STANDARD

### A.     Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)")

"For [1] the convenience of parties and [2] witnesses, [and] [3] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (same).  Other factors that may be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy.  17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).  However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere."  Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").  The decision to transfer lies within

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                  'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|----------|--------------------------|------|-------------|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

the sound discretion of the trial judge.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## IV.   DISCUSSION

As set for above, in the instant motion defendant-Trustee argues that this case is "a small slice of a set of more comprehensive actions that have been underway in Utah for more than a year," such that transferring this case to the District of Utah, pursuant to Section 1404(a), will be efficient and convenient for the courts, the witnesses, and the parties.  Reply at 3.  The Supreme Court has explained that Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] '. . . case-by-case consideration of convenience and fairness.' " Stewart, 487 U.S. at 29 (quoting Van Dusen v. Barrack, 376 U.S. 612, 622, (1964)).  "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart, 487 U.S. at 29).

In ruling on a motion to transfer pursuant to 28 U.S.C.§ 1404(a), the Court may consider the following four factors: (1) the interests of justice; (2) the plaintiff's choice of forum; (3) the convenience of the witnesses; and (4) the convenience of the parties.  Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981).  For the reasons set forth below, the Court finds that transfer of the instant case to the District of Utah is appropriate.

### A.   Interests of Justice (Judicial Economy and Avoiding Multiplicity of Litigation)

As noted above, factors that may be relevant to the "interests of justice" include: (1) the location where relevant agreements (if any) were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'   JS-6**

| Case No. | 2:15-cv-08696-CAS(GJSx) | | Date | May 9, 2016 |
|---|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | | |

the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org., 487 U.S. at 29–30. Other factors that may be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed.1997).

One additional factor that is frequently mentioned in determining the interests of justice—and that the Court focuses on here—"is the desire to avoid multiplicity of litigation resulting from a single transaction or event." 15 Fed. Prac. & Proc. Juris. § 3854 (4th ed.). The Supreme Court has suggested that much weight should be given to this efficiency consideration:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960). Indeed, the Supreme Court has recognized that "the purpose of [Section 1404(a)] is to prevent the waste 'of time, energy and money' and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen, 376 U.S. at 623. Accordingly, some courts have found that while many factors may be considered in determining the interests of justice, "concerns over judicial efficiency are paramount. . . ." Hawkins v. Gerber Products Co., 924 F.Supp.2d 1208, 1214 (S.D. Cal. 2013).

Accordingly, in an effort to facilitate judicial economy and avoid multiplicity of litigation, "many courts have transferred to a forum in which other actions arising from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

the same transaction or event, or which were otherwise related, were pending." 15 Fed. Prac. & Proc. Juris. § 3854, n.5 (4th ed.) (collecting cases). Here, as defendant-Trustee notes, the similarity between the 2014 Insider Action and the 2015 Geringer Action, both of which are currently before Judge Campbell in Utah, cannot reasonably be disputed. The 2014 Insider Complaint covers the same time period and makes essentially the same factual allegations as the 2015 Geringer Complaint. The two complaints also assert largely the same claims, with the 2014 Action asserting these claims against the Insiders, and the 2015 Action asserting them only against Geringer.[6]  Accordingly, shortly after

---

[6] Specifically, the Insider Complaint first alleges that CAREIC engaged in a number of highly speculative real estate projects and that in pursuing those projects CAREIC management breached their fiduciary duties by (a) wasting corporate assets on projects they knew were infeasible and for which they did not have sufficient funding, (b) relying on irrational sales assumptions that contradicted known data, and (c) engaging in co-mingled and self-dealing transactions that were not disclosed to investors. See Insider Compl. at ¶¶ 39-133.  The Insider Complaint further alleges that the CAREIC Board breached its fiduciary duty by failing to supervise and oversee the actions of management.  As a result, CAREIC management was allegedly able to pursue speculative and infeasible projects, co-mingle and misuse investor money, solicit investors by means of false and misleading offering materials, and illegally employ unlicensed broker dealers. Id. at ¶¶ 134-37.  The Insider Complaint also alleges that management raised money by means of offering documents that were false and materially misleading. Id. at ¶¶ 198-243.  Based upon these allegations, the Insider Complaint asserts a claim for breach of fiduciary duty (claim 1), three securities fraud claims (claims 2 through 4), two common law fraud claims (claims 5 and 6), a civil conspiracy claim (claim 7), a state RICO claim (claim 8), and a variety of other claims, including fraudulent and preferential transfer claims (claims 9 through 18).  The Geringer complaint details essentially the same allegations. See Geringer Compl. at ¶¶ 30-127 (breaches related to CAREIC real estate projects); id. at ¶¶ 129-132 (breaches related to lack of board oversight); id. at ¶¶ 174-219 (fraud in the sale of CAREIC securities).  It also asserts the same set of claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

filing the 2015 Geringer Action in the District of Utah, the Trustee moved to have the case reassigned to Judge Campbell so that she could preside over both of the Utah Actions.  See Insider Case Dkt. 58.  On March 3, 2016, Judge Campbell granted the reassignment motion, see Insider Case Dkt. 67, Utah Geringer Case Dkt. 22, and she is now overseeing both the 2014 Insider Case and the 2015 Geringer Case.

The question here, therefore, is whether judicial economy weighs in favor of transferring the instant action to the District of Utah.  The Court concludes that it does. In the instant action, Geringer asserts five claims against the Trustee, three of which are claims for declaratory relief.  Specifically, Geringer seeks entry of declaratory judgment that (1) "any and all potential claims that the Trustee could bring against Mr. Geringer related to CAREIC" are "time-barred" (Decl. Compl. at ¶¶ 41-59) and (2) "released" (id. at ¶¶ 60-66), and further that (3) "the Trustee is estopped [because of the May 2015 MOU] from asserting [any such claims]" against Geringer (id. at ¶¶ 67-73).  As the Trustee rightly notes, each of these affirmative claims for declaratory relief are potential *affirmative defenses* to the Trustee's claims in the Geringer Action pending in the District of Utah.  And while Geringer also pleads two additional claims in the instant case for breach of the MOU, see id. at ¶¶ 24-40, these breach of contract claims may also be *counterclaims* in the Geringer Action.

Indeed, despite his arguments to the contrary in his opposition here, Geringer appears fully to have recognized the relatedness of the 2015 Geringer Action and the instant action in a January 2016 motion filed in the District of Utah.  In that motion, Geringer requested that the Geringer Action be dismissed or transferred to this Court because the Geringer Action "involve[d] *precisely the same dispute* pending in the United States District Court for the Central District of California."  See Declaration of

---

See id. Claim 1 (breach of fiduciary duty), Claims 2 through 4 (securities fraud), Claims 5 and 6 (common law fraud), Claim 7 (civil conspiracy), Claim 8 (state RICO), Claims 9 through 16 (fraudulent and preferential transfers).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL     'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

Nathan S. Seim at Ex. A (<u>Strong v. Geringer</u>, Civil No. 2:15-cv-00837 (D. Utah), Dkt. 11) ("Utah Brief"), at 1 (emphasis added). Geringer further stated at the time—and the Court agrees—that "[t]here can be no question that issues raised in the Central District of California are not only substantially similar to the issues raised by the Trustee's claims [in the 2015 Utah Action], *they are, in fact, identical*." <u>Id.</u> at 13 (emphasis added). More specifically, Geringer explained the overlap as follows:

> In the Central District of California, Mr. Geringer seeks damages for the Trustee's breach of the [MOU] and a declaratory judgment from the court that any purported claims brought by the Trustee against Mr. Geringer are barred as a matter of contract and by the applicable statutes of limitations. In the [2015 Geringer Action in Utah District Court], *the Trustee purports to bring the exact claims against Mr. Geringer that Mr. Geringer asserts are barred*.

<u>Id.</u> at 12 (emphasis added).

Allowing the California Declaratory Judgment Action and the Geringer Action to proceed independently in different forums, despite the substantial overlap of issues between the two actions, presents a significant possibility of inconsistent results. Of course, "centralizing the adjudication of [these] similar cases will . . . avoid the possibility of [any such] inconsistent judgments." <u>Hawkins</u>, 924 F.Supp. 2d at 1214; <u>c.f.</u> <u>Cardoza v. T-Mobile USA Inc.</u>, No. 08-5120 SC, 2009 WL 723843, at *5 (N.D. Cal. Mar. 18, 2009) (finding that despite claims not being identical, the existence of pending litigation in another forum involving several similar elements weighed heavily in favor of transfer because consolidation still would be possible despite the differences between the claims); <u>SoccerSpecific.com v. World Class Coaching, Inc.</u>, No. CIV. 08-6109-TC, 2008 WL 4960232, at *3 (D. Or. Nov. 18, 2008) (finding that once one of several closely related claims was required to be transferred, judicial economy, among other considerations, strongly favored the transfer of the remaining claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

As Geringer himself argued in the 2015 Geringer Action, "because some of the issues in California are the flip-side of all of the issues raised [in the Geringer Action], if the Trustee's claims [in the Geringer Action] against Mr. Geringer are allowed to proceed to judgment, and the litigation in the Central District of California likewise proceeds, it is entirely possible that the result would be two conflicting judgments." Id. at 12-13. Accordingly, the Court concludes that in order to avoid such a possibility, the instant case should be heard in the same forum. Given the number of potentially related cases pending in the District of Utah, the Court concludes that the Geringer Action should be transferred to the District of Utah, where it can proceed simultaneously with its related cases. C.f. eNom, Inc. v. Philbrick, No. C08-1288RSL, 2008 WL 4933976, at *3 (W.D. Wash. Nov. 17, 2008) ("[T]ransferring this action will likely result in consolidation of the two cases, so the issues will be tried efficiency, expeditiously, and in a cost-effective manner."). The interests of judicial economy and the need to mitigate against the possibility of inconsistent judgments weighs in favor of a transfer.

### B.    Plaintiff's Choice of Forum

"The general rule is that a plaintiff's choice of forum is afforded substantial weight" in determining whether or not transfer is appropriate under section 1404(a). Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). However, a plaintiff's choice of forum "is not the final word," and indeed if plaintiff's suit is "anticipatory," then "plaintiff's chosen forum will be accorded little deference." Royal Queentex Enterprises v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000). Indeed, "[t]he principle disfavoring anticipatory lawsuits is especially strong where, as here, *the first-filed suit is one for a declaratory judgment*. '[A] proper factor to consider in dismissing a declaratory judgment is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping.' " Id. (citation omitted) (emphasis added); see also ICON Health & Fitness, Inc. v. Beachbody, LLC, No. 1:11-CV-00024-TC, 2011 WL 1899390, at *3 (D. Utah May 19, 2011) ("[I]mproper anticipatory filings, 'by necessity, often take the form of declaratory judgments'") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

As one court in the District of Utah explained, "a declaratory suit is immediately suspect as an improper anticipatory filing because a declaratory action, generally speaking, is essentially the prosecution of an affirmative defense." ICON, 2011 WL 1899390, at *3 (citation omitted). Geringer's complaint in the instant action pleads as affirmative claims for declaratory judgment what effectively are his affirmative defenses in the Geringer Action (i.e., defenses premised upon statutes of limitation, releases, and equitable estoppel). See Decl. Compl. at ¶¶ 41-73. Furthermore, it appears clear from the record that defendant-Trustee held off on filing the 2015 Geringer Action due to a good faith desire to continue settlement discussions. For example, on January 18, 2013, the Trustee informed Geringer that he planned to assert claims against him but would refrain from filing a complaint to pursue settlement discussions. On October 12, 2013, before the parties continued their settlement discussions, the Trustee went so far as to provide Geringer with a copy of a draft complaint listing him as a defendant. See id. Thereafter, the Trustee repeatedly refrained from filing suit against Geringer—sometimes at Geringer's request—while the parties continued their attempt to settle the matter. Under such circumstances, "[w]here a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit. Otherwise, potential plaintiffs would be discouraged from first attempting to resolve their claims without resorting to litigation." Ontel Products, Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). Because the Court finds that plaintiff's filing of the instant suit on November 6, 2015 was anticipatory in nature and occurred only two days after the parties' final mediation session began, the Court affords little weight to the fact that plaintiff was the first to file.

### 3.    Convenience of the Witnesses and Parties

"One of the most important factors in determining whether to grant a motion to transfer venue is the convenience of the witnesses." Royal Queentex, 2000 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL    'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

246599, at *6; see also Los Angeles Memorial Coliseum, 89 F.R.D. at 501 ("The convenience of witnesses is said to be the most important factor in passing on a transfer motion."). Defendant-Trustee argues that "[i]f this Court does not transfer the Declaratory Judgment Action to the District of Utah, where the Insider Action and the Geringer Action are pending, the Trustee will be forced to litigate Geringer's affirmative defenses here in California," while "the merits of the Trustee's underlying claims in the Geringer Action . . . remain in Utah to be litigated and tried there." Motion at 16. According to defendant, such an arrangement "makes little sense," id. at 16, and does not best serve the interests of the parties and witnesses in each action. More specifically, the Trustee contends that because the factual allegations and the causes of action in the Insider Action and the Geringer Action overlap almost entirely, discovery in these cases will also significantly overlap as well. The Trustee avers that he has identified over 30 potential witnesses in the Insider Action, most of whom will be required in the Geringer Action as well. Motion at 17. Accordingly, the Trustee argues that because these witnesses are located across the country, it makes little sense to have them sit for depositions in the Insider Action, the Geringer Action, and again in the instant action.

Plaintiff contends, however, that the instant action is primarily one for breach of contract and breach of the implied covenant of good faith and fair dealing arising out of the Trustee's alleged breach of the May 2015 MOU. Although the complaint also includes requests for declaratory judgment that the Trustee's potential claims against Geringer are barred by the MOU and the applicable statutes of limitation, plaintiff argues that these claims for declaratory relief do not require delving into the merits of the Trustee's claims that are currently pending in Utah. Plaintiff avers that the "30 witnesses that the Trustee has identified for those cases will not have information relating to the parties' [MOU], the tolling agreement and its amendments, or the negotiations leading thereto," such that the Trustee has failed to identify any witnesses who would be required to testify in this case—i.e., witnesses "who would have information relevant to the parties' negotiations, the [MOU], the tolling agreement, or the Trustee's breach." Opp'n at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|----------|-------------------------|------|-------------|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

Ultimately, however, plaintiff's argument misses the mark. In his reply, defendant-Trustee persuasively argues that at least *some* of the major issues to be litigated in this case will necessarily require discovery and testimony that will overlap with the discovery and testimony of the two Utah actions. For example, the claim in the instant action for declaratory relief regarding the running of the statutes of limitation implicates the very same statute of limitations issues as those to be addressed in the Utah Actions: namely, determining when the Trustee's many claims against Geringer accrued. Reply at 13 (arguing that in this case, under the discovery rule, the Trustee's claims do not accrue until the investors discovered or reasonably should have discovered the underlying alleged fraud). As defendant-Trustee rightly argues, "to the extent Geringer takes his statute of limitation pleading seriously in this case, he will have to conduct discovery of investors to establish when they discovered or reasonably should have discovered the fraud," irrespective of the particulars of the Tolling Agreement. Id. at 14. Accordingly, the Court finds that the factor regarding the convenience of *the witnesses* weighs in favor of transferring to the District of Utah, where the Insider Action is already nearly 20 months along.[7]  As to the relative convenience of each forum to *the parties* themselves, the Court finds this factor to be largely neutral. While Geringer is a California resident and both his office and many of the documents pertinent to this action are located in this

---

[7]  On May 6, 2016, plaintiff filed a sur-reply arguing that the Trustee's May 4, 2016 deposition testimony provides additional evidence in support of plaintiff's contention that consideration of the witnesses' convenience does not bode in favor of a transfer. The additional arguments made in plaintiff's sur-reply do not inform a different result here, as they demonstrate only that the Trustee concedes that the potential witnesses in the Insider Action have no knowledge regarding the May 2015 MOU or the Tolling Agreement between the Trustee and Geringer. Any such admission does not speak to whether these witnesses might have knowledge relevant to plaintiff's claims for declaratory relief—namely, his claims seeking declaratory judgment that the Trustee's claims must be time-barred, perhaps *irrespective of* the MOU or the Tolling Agreement (i.e., based simply on the discovery rule and the date of accrual of these claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'   JS-6

| Case No. | 2:15-cv-08696-CAS(GJSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | ROBERT D. GERINGER v. D. RAY STRONG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR THE CONSOLIDATED LEGACY DEBTORS, THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS I, LLC, AND THE LIQUIDATING TRUST FOR CASTLE ARCH OPPORTUNITY PARTNERS II, LLC | | |

district, Geringer is already actively involved in his own defense in the Utah Geringer Action.  Furthermore, despite Geringer's attempt to argue that the documents pertinent to the May 2015 MOU are largely located or based in California, this again ignores that the scope of the instant action is much broader than the Trustee's alleged breach of the MOU.

In sum, the Court finds that in order to avoid potential for inconsistent judgments, serve the interests of justice, and facilitate both judicial economy and the convenience of the witnesses in this action, transfer of this case to the District of Utah, where it likely will be litigated alongside the Insider Action and the Geringer Action, is appropriate under Section 1404(a).

## V.    CONCLUSION

In accordance with the foregoing, defendant-Trustee's motion to change venue to the United States District Court for the District of Utah is hereby **GRANTED**.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |